{¶ 62} I respectfully dissent from the majority's opinion that it was "harmless error" to deny appellant's counsel the opportunity to talk to appellant in order to resolve the issue of Dr. Tener's failure to answer the subpoena.
 {¶ 63} We note "termination of parental rights is the family law equivalent of the death penalty in a criminal case. The parties to such an action must be afforded every procedural and substantive protection the law allows." In re Smith (1991),77 Ohio App.3d 1, 16; see also, In re Hayes (1997),79 Ohio St.3d 46. Clearly, nothing appellant did caused the problem presented.
 {¶ 64} This is not like a criminal case where the defendant could build a record in a postconviction hearing to establish prejudice. I regrettably find the cavalier attitude of the trial court violated appellant's rights, and I would reverse for a new hearing.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas Juvenile Division is affirmed. Costs assessed to appellant.